### In the Matter of Mitchell W. HICKS.

### No. 02S00–0201–DI–74.

Supreme Court of Indiana.

April 8, 2003.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I of the complaint underlying this action, the respondent, as a public defender, represented a client charged with burglary and attempted robbery. After trial, the client was found guilty and sentenced to ten years. The respondent then represented the client through appeal. After the Court of Appeals affirmed the client's conviction by unpublished memorandum decision, the re-

spondent failed to advise his client of the case's disposition.

Under Count II, the parties agree that the respondent, as a public defender, represented a client upon appeal of a conviction that resulted in a 30–year sentence. The Court of Appeals affirmed the client's conviction on February 19, 2001. As of April 18, 2001, the day the client wrote a letter to the respondent's office asking about the status of the appeal, the respondent had not advised the client of the case's disposition. The respondent's legal assistant responded to the client, advising him that the Court of Appeals had affirmed the conviction, but that the decision had apparently been forwarded to the Allen County public defender's office. In fact, the legal assistant did not know if that was true, and in fact the Court of Appeals sent a copy of the decision to the respondent's office. Later, when the defendant asked the respondent's legal assistant for copies of relevant file materials, the legal assistant advised the client the office no longer housed the files, when in fact it did.

**Violations:** In Count I, the respondent violated Ind.Professional Conduct Rule 1.4(b), which requires a lawyer to explain matters to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. He also violated Prof.Cond.R. 5.3(b), which provides that a lawyer shall make reasonable efforts to ensure that the conduct of a non-lawyer under the direct supervisory control of the lawyer is compatible with the obligations of the lawyer.

**Discipline:** Sixty (60) day suspension from the practice of law, effective immediately, with automatic reinstatement thereafter. The term of suspension shall be stayed on conditions of an 18–month period of probation, the conditions of which shall be the assistance of a supervising attorney, regular reports, and continuing legal education requirements, as specified by the parties' agreement. Should the respondent fail to abide by the terms of his probation, the stay shall be rescinded and he shall be suspended for 60 days.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer, the Hon. William C. Fee, and all parties as directed by Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., dissents, finding the agreed sanction unduly harsh.