**In the Matter of Mitchell W. HICKS, Respondent.**

**No. 02S00–1410–DI–622.**

Supreme Court of Indiana.

April 23, 2015.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On August 6, 2013, Respondent pled guilty to carrying a handgun without a license, a class A misdemeanor, and his second offense of operating a vehicle while intoxicated ("OWI"), a class A misdemeanor.

Respondent was previously disciplined in 2003 for unrelated misconduct. *See Matter of Hicks,* 786 N.E.2d 272 (Ind. 2003).

In mitigation, the parties cite Respondent's cooperation with the Commission and prompt reporting of his convictions, as well as his voluntary completion of residential and outpatient treatment programs.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects ad-

---

versely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning June 4, 2015, with all 180 days actively served, followed by two years of probation with JLAP monitoring.** Respondent's suspension shall be served with automatic reinstatement, conditioned upon Respondent's compliance with the terms of his probation; however, if Respondent violates those terms and his probation is revoked, then Respondent will be suspended without automatic reinstatement. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things the following:

(1) Respondent shall refrain from alcohol and all mind-altering substances except as prescribed.

(2) Respondent shall have no violations of the Rules of Professional Conduct during his probation.

(3) Respondent shall promptly report to the Commission any violation of the terms of Respondent's probation and any arrest or criminal charges for violating any law regarding alcohol or substance abuse.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to termi-

nate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.